**Robert GESSLING, Plaintiff,**

v.

**GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF SPRINT/UNITED MANAGEMENT COMPANY, Defendant.**

**Case No. 1:07–cv–0483–DFH–DML.**

United States District Court, S.D. Indiana, Indianapolis Division.

Aug. 3, 2009.

Bridget L. O'Ryan, O'Ryan Law Firm, Indianapolis, IN, for Plaintiff.

Donald A. Murday, Elizabeth G. Doolin, Stuart F. Primack, Chittenden Murday & Novotny LLC, Chicago, IL, for Defendant.

### Order on Motion to Compel (Dkt. 68)

DEBRA McVICKER LYNCH, United States Magistrate Judge.

With his Order issued November 26, 2008, 2008 WL 5070434, Chief Judge Hamilton determined that the Supreme Court's holding in *Metropolitan Life Ins. v. Glenn,* — U.S. ——, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), leads to the conclusion that focused discovery outside the administrative record on the "structural conflict of interest" issue should be permitted in this case. He ordered the defendant Plan to answer Mr. Gessling's pending discovery requests, invited the Plan to come forward with supplementary evidence on the conflict issue, and directed the parties to "confer in an attempt to agree on relevant discovery in an effort to provide plaintiff with relevant information while keeping expenses manageable." (Dkt. 52 at 3–4)

The Plan provided some responses to Mr. Gessling's requests, but it refused to provide these documents Mr. Gessling seeks with his Request to Produce Documents No. 11:

> The performance evaluations or performance reviews for each Hartford employee who was involved in this claim for the years 2003–2007.

Mr. Gessling has filed a Motion to Compel production of these documents (Dkt. 68).[1] The Plan filed a response in opposi-

---

1. The court commends counsel for their efforts at narrowing the discovery issues presented for the court's resolution.

tion, Mr. Gessling a reply brief, and on July 7, 2009, the magistrate judge heard oral argument on the motion. The court GRANTS the Motion to Compel.

The Plan argues that the requested evaluations and reviews are the very sort of documents to which Judge Hamilton referred during the hearing preceding his ruling when he explained that an "individual reviewer's batting average, or a percentage of claims approved or denied . . . has minimal probative value in this or in any case." But Mr. Gessling is not asking for the "batting averages" of those who reviewed his claim; he is attempting to determine whether the employer rewarded or punished reviewers based on their "batting averages." This type of evidence, the court believes, falls within the Supreme Court's recognition that company policies that encourage denials by rewarding employees for denying claims or otherwise pressure employees or third-party reviewers to deny claims can be relevant factors. *See Glenn,* 128 S.Ct. at 2351.

The Plan has cited a few decisions that deny discovery of reviewing employees' *personnel files,* based on undue burden and intrusiveness. The request for evaluations and reviews is more focused, however, a distinction implicitly recognized by Magistrate Judge Stinson in *Hughes v. CUNA Mutual Group,* 257 F.R.D. 176 (S.D.Ind.2009) (requiring production of performance evaluations but not personnel files).

Finally, the Plan objects to the time period covered by Mr. Gessling's request. Although his benefits were terminated in 2006, he seeks performance evaluations for a five-year period: 2003 through 2007. The court finds this period appropriate, given the possibility that the subject reviewer's evaluations could have changed

(*e.g.,* become more favorable depending on higher rates of claims denials or terminations), or simply because a reward or other incentive provided by the employer in the years immediately preceding Mr. Gessling's termination of benefits could have influenced the reviewer's determination in 2006.[2]

For these reasons, Mr. Gessling's Motion to Compel is granted. The defendant is ORDERED to produce the documents requested in Request to Produce Documents No. 11 within twenty-one days of this order.

So ORDERED.

---

2. The court does not assume that the evidence will tend to prove this scenario; it rather engages in this analysis only to determine if

Mr. Gessling's request is appropriately focused.